United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Raul Deltoro, Defendant. | )<br>)<br>)<br>)  Criminal Case No. 12-80046-CR-Scola<br>)<br>)<br>)<br>) |

### Order Denying Motion for Sentence Reduction and Appointment of Counsel

This matter is before the Court on the Defendant Raul Deltoro's motions to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and appointment of counsel. (ECF Nos. 696, 697.) The Government has responded (ECF No. 699), and Deltoro has not filed a reply. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Defendant's motions to reduce sentence and appointment of counsel. (**ECF Nos. 696, 697**.)

### 1. Background

On August 23, 2013, the Defendant Raul Deltoro was sentenced to a term of imprisonment of 240 months after pleading guilty to one count of conspiracy with intent to distribute more than one kilogram of heroin and a detectable amount of cocaine in violation of 21 U.S.C. § 846; five counts of possession with intent to distribute a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1); and one count of maintaining a place for the purpose of distributing heroin and cocaine in violation of 21 U.S.C. § 856(a)(1). (Judgment, ECF No. 586.) Deltoro's original Sentencing Guidelines range was 235 to 292 months based on an offense level of 33 and a criminal history category VI. Because Deltoro had a prior drug conviction, his minimum mandatory sentence increased from 120 to 240 months.

Deltoro now seeks a reduction of his sentence based upon family circumstances, his own health issues, and that his sentence is unusually long as defined by U.S.S.G. § 1B1.13(b)(6). (*See generally* Mot., ECF No. 696.) Deltoro also seeks appointment of counsel to assist with filing a motion for compassionate release. (ECF No. 697.)

### 2. Legal Standard

Deltoro seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A). Section § 3582(c)(1)(A) provides, in relevant part:

> [T]he court, upon motion of ... the defendant ... may reduce the term of imprisonment ..., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement refers to U.S.S.G. § 1B1.13, which states, in part, that a "court may reduce a term of imprisonment if, as relevant here, it 'determines that . . . (2) the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F. 4th 1234, 1237 (11th Cir. 2021) (quoting § 1B1.13).  Therefore, "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *Id.* "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Id.* at 1237-38.

U.S.S.G. § 1B1.13 lists the "extraordinary and compelling reasons" that may warrant a sentence reduction. They include certain medical circumstances of the defendant; the age of the defendant; certain family circumstances of the defendant; whether the defendant was a victim of abuse while imprisoned; other similar reasons; and unusually long sentences. § 1B1.13 (b)(1)-(6).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

The Court denies Deltoro's motion because he has failed to exhaust his administrative remedies. Even if had exhausted his administrative remedies, his

motion would be denied for the reasons set forth below.

### A. Deltoro Has Not Exhausted His Administrative Remedies

Deltoro has not exhausted his administrative remedies. Under Section 3582(c)(1)(A), a defendant may bring a motion for sentence reduction only after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Here, although Deltoro brought a request for a sentence reduction to his warden, he did not appeal the warden's denial of that request. As the Government notes, the warden notified Delotoro that he could appeal the denial within twenty calendar days. (Gov.'t's Resp., ECF No. 699-1). But Deltoro has not provided evidence that he filed such an appeal. Therefore, he has not "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [Deltoro's] behalf . . . ." § 3582(c)(1)(A); *see also United States v. Rodrigues*, 847 F. App'x 609, 611 (11th Cir. 2021) (finding a failure to exhaust where there was no evidence that the defendant, in part, "appealed a denial from the warden after making" a request for a sentence reduction). Therefore, Deltoro's motion is denied for failure to exhaust his administrative remedies.

### B. Deltoro Has Not Shown Extraordinary and Compelling Reasons for A Sentence Reduction

Deltoro has not shown that there are extraordinary and compelling reasons that merit a sentence reduction. Deltoro's purported extraordinary and compelling reasons for a sentence reduction are family circumstances; his own health issues; and that his sentence is unusually long as defined by U.S.S.G. § 1B1.13(b)(6). The Court takes each of these in turn.

#### 1. Family Circumstances

Under U.S.S.G. § 1B1.13(b)(3)(C), family circumstances may constitute extraordinary and compelling reasons for a sentence reduction where there is "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."

Here, Deltoro states that his parents are in their seventies, are suffering from medical conditions, and have difficulty performing everyday tasks. (Mot., at 6.) However, he does not provide any medical documentation that establishes these medical conditions, or how such medical conditions make his parents

incapacitated. Moreover, his brother, Jose Deltoro, admits that he is a caretaker to their parents. (Letter from Jose Deltoro, ECF No. 696-1, at 3.) Therefore, Deltoro would not "be the only available caregiver for" his parents even if they were incapacitated. *See* U.S.S.G. § 1B1.13(b)(3)(C).

Because Deltoro has not shown that his parents are incapacitated or that he would be the only caregiver of any incapacitated parent, his family circumstances do not amount to extraordinary and compelling reasons for a sentence reduction.

### 2. Medical Circumstances

Under U.S.S.G. § 1B1.13(b)(1)(B), medical circumstances amount to extraordinary and compelling reasons for a sentence reduction where the prisoner is "experiencing deteriorating physical and mental health because of the aging process, that substantially diminish[es] his ability to provide self-care within the environment of a correctional facility."

Deltoro is fifty-two years old, and claims that he has hypertension and bipolar disorder. (Mot., at 11-12.) Deltoro does not provide medical documentation to substantiate these conditions. Even if Deltoro has those medical conditions, the Court does not find that Deltoro's alleged hypertension and bipolar disorder are so severe as to diminish Deltoro's ability to provide self-care. Therefore, Deltoro has not established that his medical circumstances amount to extraordinary and compelling circumstances warranting a sentence reduction.

### 3. Unusually Long Sentence

Under U.S.S.G. § 1B1.13(b)(6), an unusually long sentence may amount to extraordinary and compelling reasons for a sentence reduction under specific circumstances. Specifically,

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). The Government believes that the Sentencing Commission exceeded its authority in promulgating subsection (b)(6) and, in any event, the subsection does not apply to Deltoro. (Gov.'t's Resp., at 10-16.) This Court has already rejected the Government's argument that the Sentencing Commission exceeded its authority in promulgating subsection (b)(6). *See, e.g., United States v. Taylor*, 733 F. Supp. 3d 1370, 1375 (S.D. Fla. 2024) ("The Sentencing Commission therefore has not exceeded its statutory authority by adding this additional category of potential extraordinary and compelling reasons."). However, even if this subsection were to apply to Deltoro, he has not established that the 18 U.S.C. § 3553(a) factors support his release or that he would not pose a danger to the community, as discussed in detail below.

### C. The § 3553(a) Factors Weigh Against Relief

Even if Deltoro did exhaust his administrative remedies and demonstrated extraordinary and compelling reasons for a sentence reduction, he has not shown that "the § 3553(a) sentencing factors favor doing so" and "doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *Tinker*, 14 F. 4th at 1237. The Court is unconvinced that Deltoro would not be a danger to the community should his sentence be reduced.

Deltoro originally fell within criminal history category VI and had a history of drunkenness and poor impulse control. Moreover, he has had numerous disciplinary reports while incarcerated, including physically fighting with another inmate (Sept 2023); possessing a dangerous weapon (May 2017); possessing alcohol and/or drugs (Feb 2017 and June 2016); being absent from an assignment (March 2015); refusing a work assignment (October 2013); fighting with another person (January 2013); and phone abuse (July 2012). (*See generally* Gov.'t's Resp., 17-18.)

Under these circumstances, the Court finds that the § 3553(a) factors weigh against relief, and that Deltoro would pose a danger to the community should he be released.

### 4. Appointment of Counsel

Deltoro also seeks appointment of counsel to assist him in filing a motion for sentence reduction. (ECF No. 697.) However, "there is no constitutional or statutory right to counsel in Section 3582(c)(2) proceedings." *United States v. Park*, 2023 WL 6382402, at *2 (11th Cir. Oct. 2, 2023) (citation omitted). "In the civil context, [the Eleventh Circuit has] concluded that the appointment of counsel may be appropriate when the facts and legal issues are so novel or

complex as to require the assistance of a trained practitioner." *Id.* (cleaned up). "[T]he key is whether the pro se litigant needs help in presenting the merits of his position to the court." *Id.* (citation omitted).

The Court finds that Deltoro's motion "lack[s] sufficiently complex factual or legal issues that would warrant the appointment of counsel." *Id.* Therefore, Deltoro's motion for appointment of counsel is also denied.

### 5. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Deltoro's motions are **denied**. (**ECF Nos. 696, 697.**)

**Done and ordered** in Miami, Florida on January 31, 2025.

_____
Robert N. Scola, Jr.
United States District Judge